IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH COSTELLO, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NOVARTIS PHARMACEUTICALS | : | |
| CORPORATION, et al. | : | NO. 05-3841 |

ORDER AND OPINION

JACOB P. HART                                                          DATE:   November 8, 2005
UNITED STATES MAGISTRATE JUDGE

Defendant Novartis Pharmaceuticals Corporation ("NPC") has filed a document captioned Motion for Modification of October 11 Order. As explained below, I will grant this motion in part and deny it in part, permitting NPC to file within two weeks of the date of this order a motion challenging the Plaintiffs' ability to meet the requirements of Fed. R. Civ. Pr. 15(c)(3).

I.    Factual and Procedural Background

This case was removed from state court on July 25, 2005. Document No. 1 in the computerized docket. It was assigned to the Honorable Marvin Katz. Originally, the complaint named as a defendant Novartis Corporation, but not NPC. Id. On September 13, 2005, Novartis Corporation filed a motion to dismiss for lack of jurisdiction, in which it argued that it was not the correct corporate defendant. Documents No. 7 and 8.

On September 10, 2005, Plaintiffs filed a response to the motion to dismiss, and at the same time, filed a motion seeking leave to file an amended complaint. Documents Nos. 14, 15 and 16. In their proposed amended complaint, Plaintiffs replaced Novartis Corporation with NPC as a defendant. They also added a breach of consortium claim belonging to Mary Costello.

Documents No. 15 and 16.  Plaintiffs argued in this motion that their amendments should relate back to the original date the complaint was filed in the federal court, as permitted by Fed. R. Civ. Pr. 15(c)(3).

Judge Katz ruled on the outstanding motions on October 11, 2005.  In relevant part, he wrote:

> It is Ordered that Plaintiffs' Motion for Leave to File an Amended Complaint is Granted.  Exhibit B to Plaintiffs' Supporting Memorandum of Law [the proposed amended complaint] shall be filed by the clerk as Plaintiffs' Amended Complaint.

Document 17.

On October 25, 2005, this case was referred to the undersigned for all further proceedings up to and including trial and the entry of judgment, as permitted by 28 U.S.C. § 636(c).  Document 28.

On the same day this case was referred to me, NPC filed this motion seeking clarification of Judge Katz's October 11, 2005, order.  In that order, as set forth above, Judge Katz granted Plaintiffs' motion to file an amended complaint, seemingly without exception, but did not mention the term "relation back."  NPC asks me to declare that there has been no ruling yet on the "relation back" issue.  NPC points out that it never had a chance to reply to Plaintiffs' motion to amend their complaint.

NPC also asks that I defer any ruling on the "relation back" issue until the completion of fact discovery.  It points out that the "relation back" issue might affect its ability to raise a statute of limitations defense.  Specifically, if the claims do not relate back, NPC might be able to obtain the dismissal of all counts against it by arguing that Plaintiffs' statute of limitation expired before October 11, 2005, when the amended complaint was deemed filed.  On the other hand,

if the claims relate back to July 25, 2005, when the original federal complaint was filed, NPC would have to show that the statute expired before that earlier date.

NPC explains that it cannot know whether it has a legitimate statute of limitations defense without discovery. For that reason, it asks that no ruling be made on the issue "until [it] has had the opportunity to take discovery and file a summary judgment motion on statute of limitations grounds (if NPC decides that such a motion is warranted)."

II.     Legal Standards

The federal rule regarding the relation back of amendments to a pleading reads as follows:

> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. Pr. 15(c).

III.     Discussion

The Fed. R. Civ. Pr. 15(c)(3) determination as to whether relation back is proper when a new party is named in an amended pleading depends on factual findings designed to ensure that the new party will not be prejudiced.  In light of this, it is significant that NPC did not have the opportunity to respond to Plaintiffs' motion to amend.  For this reason, and because Judge Katz did not specify in his order whether the amendments were to relate back, I will permit NPC, in its discretion, to file a motion challenging the application of Rule 15(c)(3) to Plaintiffs' amended complaint.

However, I will not defer a ruling on the issue.  Clearly, no discovery is needed for NPC to know whether it received proper notice, and whether it knew or should have known that it would have been named as a party but for a mistake, as required by Rule 15(c)(3).  Moreover, the answers to these questions have no logical connection to the date Plaintiffs' statute of limitations began to run.  NPC apparently links the issues only for its own convenience – it does not know yet whether it is worth its while to challenge the amendment.  Finally, NPC has cited no authority in support of its request for a deferred ruling.

Plaintiffs, however, appropriately sought a ruling as to the "relation back" issue on October 10, 2005, at the same time that they sought leave to file an amended complaint.  They are entitled to a prompt ruling.  I see no reason to keep them in suspense.

Accordingly, I now enter the following:

O R D E R

AND NOW, this 8th day of November, 2005, upon consideration of Novartis Pharmaceuticals Corporation's Motion for Modification of October 11 Order, filed in this action as Document No. 31, and Plaintiffs' response thereto, it is hereby ORDERED that the motion is GRANTED IN PART AND DENIED IN PART;

1. The motion is GRANTED to the extent that Novartis Pharmaceuticals Corporation may, within two weeks of the date of this Order, file a motion challenging the Plaintiffs' ability to meet the requirements of Fed. R. Civ. Pr. 15(c)(3) with respect to the filing of their Amended Complaint. If no such motion is filed, the amendments made in Plaintiffs' amended complaint will be deemed to relate back to the date this case was originally filed in federal court; and it is further ORDERED that

2. The motion is otherwise DENIED.

BY THE COURT:

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE