IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH COSTELLO, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NOVARTIS PHARMACEUTICALS | : | |
| CORPORATION, et al. | : | NO. 05-3841 |

ORDER AND OPINION

JACOB P. HART                                                           DATE:
UNITED STATES MAGISTRATE JUDGE

For the following reasons, I will deny Novartis Pharmaceuticals Corporation's Motion Opposing Application Of The Relation Back Doctrine To Plaintiffs' Amended Complaint, and will rule that the Amended Complaint relates back to the date the original complaint was filed.

I.   Factual Background

This case was removed from state court in July, 2005, and assigned initially to the Honorable Marvin Katz. By Order dated October 11, 2005, Judge Katz granted Plaintiffs' motion to (a) replace Novartis Corporation, the original defendant, with Novartis Pharmaceuticals Corporation ("NPC"); and (b) add a loss of consortium claim for Mary Costello. Subsequently, this case was referred to me for all further proceedings, as permitted by 28 U.S.C. § 636(c).

On the same day this case was referred to me, NPC filed a motion seeking clarification of Judge Katz's October 11, 2005, Order. Judge Katz did not specifically state whether the date for Plaintiffs' filing of their Amended Complaint was deemed to relate back to the date the original complaint was filed. NPC asked me declare that the "relation back" issue was still undecided, but to postpone ruling on the issue until the end of discovery.

I denied NPC's request that I defer a ruling. However, as NPC had not had the opportunity to be heard with regard to the application of the relation back doctrine, I permitted it to file a motion challenging Plaintiffs' ability to meet the requirements of Fed. R. Civ. Pr. 15(c)(3), which governs this issue. In accordance with my Order, NPC filed this motion.

II.     Legal Standard

Rule 15(c) provides:

An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

III.    Discussion

The first subsection of Rule 15(c) is obviously inapplicable here. The second is clearly met. It appears that the requirements of the third subsection are also met. As Costello points out, NPC is represented by the same counsel who entered their appearances for Novartis Corporation. NPC and Novartis Corporation are certainly aware of their own corporate relationship, as was counsel, who filed the motion to dismiss the case against Novartis Corporation. Therefore, it was clear to NPC that it should have been the party sued.

Crucially, application of the relation back doctrine will not prejudice NPC in maintaining a defense on the merits. It did not miss much. All of the litigation which preceded Costello's motion to amend related to the viability of the complaint. NPC answered Costello's complaint on October 28, 2005, and all the litigation since then has been about the relation back doctrine.

Thus, every requirement set forth in Rule 15(c) has been met. NPC has not even disputed this. Instead, NPC argues that Costello was guilty of inexcusable neglect in failing to name it as a defendant, and failing to include the loss of consortium claim in his original complaint, citing Flynn v. Best Buy Auto Sales, 218 F.R.D. 94, 99 (E.D. Pa. 2003).

In Flynn, however, the plaintiff moved for leave to amend the caption to name a different corporate defendant only after the entry of a default judgment. For a variety of reasons, including inexcusable neglect, but also the existence of prejudice and delay, the Honorable Robert F. Kelly denied leave to amend. He cited Triangle Distributors Inc. v. Shafer, Inc., 943 F.2d 52, 1991 WL 164333 (6th Cir. 1991), where the Court of Appeals for the Sixth Circuit denied a similar motion to amend, filed after the entry of a default judgment, citing inexcusable neglect on the part of the plaintiff.

Obviously, the decision whether to permit amendment under Rule 15(c) is complicated where the party to be added never had, and will not have, an opportunity to defend itself on the merits because a default judgment has already been entered against the originally-named entity, as in Flynn and Triangle. No such complicating facts are present here. Costello acted promptly to obtain amendment, and, as discussed above, relation back will cause no prejudice to NPC.

Also, in <u>Kemper v. URECO</u>, Civ. A. No. 88-9618, 1991 WL 125178 (E.D. Pa. June 28, 1991) at *5, the Honorable Thomas O'Neill took the reasoned position that inexcusable delay is a factor more closely related to the decision whether to permit amendment under Rule 15(a), than to the court's exercise of discretion under Rule 15(c) as to whether to permit relation back. (Judge O'Neill denied Kemper leave to amend where it was requested three years after the commencement of the action). In this case, on the contrary, Judge Katz has already decided that amendment was permissible.

Even if inexcusable neglect is a factor to be considered with respect to the relation back doctrine, I find that Costello's neglect here was excusable. I will excuse it.

O R D E R

Upon consideration of Novartis Pharmaceuticals Corporation's Motion Opposing Application of the Relation Back Doctrine To Plaintiff's Amended Complaint, filed in this action as Document No. 44, and Plaintiff's response thereto, as well as Novartis Pharmaceuticals Corporation's Reply, it is hereby ORDERED that the motion is DENIED. Plaintiff's Amended Complaint is deemed related back to the date of filing of his original complaint, as permitted by Fed. R. Civ. Pr. 15(c).

BY THE COURT:

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE